UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERTO LOPEZ, | ) | 1:13-cv—00705-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER TRANSFERRING CASE TO THE |
| | ) | UNITED STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| v. | ) | CALIFORNIA (DOC. 1) |
| | ) | |
| ON HABEAS CORPUS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the petition, which was filed on October 15, 2012.

Petitioner's petition was initially filed in the United States Court of Appeals for the Ninth Circuit as an application for leave to file a successive petition. By order dated December 6, 2012, the Court of Appeals noted that Petitioner had not filed a previous habeas corpus petition, construed Petitioner's application as a petition for writ of habeas corpus, and transferred the petition to this Court. This Court's docket

1

1 reflects the foregoing events in entries dated May 15, 2013.

2     Petitioner is housed at the California Substance Abuse
3 Treatment Facility at Corcoran, California, and is serving a
4 sentence of thirty-two months.  In the petition, Petitioner
5 complains of a violation of his rights under the Fourteenth
6 Amendment based on alleged ineffective assistance of his trial
7 counsel with respect to advice given to him in connection with
8 the entry of his plea.  Thus, the petition is directed at errors
9 occurring in the proceedings that resulted in his conviction of a
10 criminal offense.

11     Petitioner contends that the conviction he challenges was
12 suffered in the Superior Court of the State of California, County
13 of Monterey.  (Pet., doc. 1, 2.)  The Monterey County Superior
14 Court is located in the Northern District of California.  28
15 U.S.C. § 84(a).

16     Title 28 U.S.C. § 2241(d) provides as follows which respect
17 to venue, jurisdiction and transfer in a habeas proceeding
18 pursuant to 28 U.S.C. § 2254:

> Where an application for a writ of habeas corpus
> is made by a person in custody under the judgment
> and sentence of a State court of a State which
> contains two or more Federal judicial districts,
> the application may be filed in the district court
> for the district wherein such person is in custody
> or in the district court for the district
> within which the State court was held which
> convicted and sentenced him and each of such
> district courts shall have concurrent jurisdiction
> to entertain the application. The district court
> for the district wherein such application is filed
> in the exercise of its discretion and in furtherance
> of justice may transfer the application to the
> other district court for hearing and determination.

27 Although venue is generally proper in either the district of the
28 prisoner's confinement or the convicting court's location,

2

petitions challenging a conviction preferably are heard in the district of conviction, Laue v. Nelson, 279 F.Supp. 265, 266 (N.D.Cal. 1968); petitions challenging execution of sentence are preferably heard in the district where the inmate is confined, Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989). A court should further consider traditional considerations of venue, such as the convenience of parties and witnesses and the interests of justice. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973).

Title 28 U.S.C. § 1406(a) provides that a district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

In view of the nature of the claim or claims set forth in the petition, it is in the interest of justice to transfer the petition to the district of conviction. Accordingly, it is ORDERED that the petition be transferred to the United States District Court for the Northern District of California.

IT IS SO ORDERED.

**Dated:   May 16, 2013**                     /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE